E-FILED on    1/6/2012

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONNA BERNARDI, an individual, SMITESH PARMAR, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A., F/K/A WASHINGTON MUTUAL BANK, F.A.; and Does 1-10, inclusive,<br><br>Defendants. | No. C-11-04543 RMW<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FIRST AMENDED COMPLAINT<br><br>**[Re Docket No. 10]** |

Defendant JPMorgan Chase Bank, N.A. ("JPMorgan") moves to dismiss plaintiffs' first amended complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs oppose the motion. On January 6, 2012, the court held a hearing to consider defendant's motion. Having considered the papers submitted by the parties and the arguments of counsel, and for the reasons set forth below, the court grants in part and denies in part defendant's motion to dismiss.

## I. BACKGROUND

In May 2006, plaintiffs Donna Bernardi and Smitesh Parmar entered into a mortgage loan transaction with Washington Mutual Bank ("WMB") to acquire residential property located in Ben Lomond, California. FAC ¶ 1. Plaintiffs executed a promissory note in favor of WMB in the amount of $620,000, secured by a deed of trust. *Id.* On September 25, 2008, JPMorgan executed a

Purchase and Assumption Agreement ("P&A Agreement") with the Federal Deposit Insurance Corporation acting as receiver of WMB. Dkt. No. 11 Exh. 5.[1]  The P&A Agreement transferred to JPMorgan "all right, title, and interest of the Receiver in and to all of the assets" of WMB and its subsidiaries, and provided that JPMorgan "specifically purchases all mortgage servicing rights and obligations of [WMB]." *Id.* § 3.1.

Plaintiffs allege that "shortly after the origination of the loan," their loan was sold by WMB to unknown entities. *Id.* ¶ 15.  Defendants and these unknown entities attempted to securitize plaintiffs' loan into a securitized trust, but they failed to follow the requirements of the agreement that governed the creation of the trust. *Id.* ¶ 16.  Thus, plaintiffs allege, the loan was never a part of the trust res, "render[ing] Defendants third-party strangers to the underlying debt obligation without the power or right to demand payment, declare default, negotiate their Loan, and foreclose on their Property." *Id.*  Plaintiffs further allege that defendants are aware of this fact but continue to act as if they have authority to service the loan. *Id.*

Plaintiffs state they do not dispute that they owe money on their mortgage obligation but they dispute the amount owed and seek judicial assistance in determining the true creditor. *Id.* ¶ 24. Plaintiffs have made payments to JPMorgan, as well as sought loan modification by JPMorgan and sent a Qualified Written Request letter asking for the identity of the owner of the mortgage note. *Id.* ¶¶ 17, 23, 27.  Plaintiffs allege in the alternative that, even if JPMorgan is a successor in interest to the deed of trust, it has failed to properly apply plaintiffs' mortgage payments, resulting in improper taxes and fees being added to the loan balance. *Id.* ¶¶ 133, 135.

Plaintiffs filed the present action in this court on September 13, 2011.  Upon defendant's motion to dismiss the original complaint, plaintiffs filed the FAC as a matter of right on November

---

[1] The court takes judicial notice of the P&A Agreement, which is available on the FDIC's website. *See* Fed. R. Evid. 201 (courts may take judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned"); *Molina v. Washington Mut. Bank*, No. 09-CV-00894, 2010 WL 431439, at *3 (S.D. Cal. Jan. 29, 2010) (taking judicial notice of the WMB-Chase P&A Agreement); *Tanavusa v. FDIC*, 2009 WL 3108568 at *1 n.1 (C.D. Cal. 2009) (same).  However, as plaintiffs point out, judicial notice of matters of public record is limited to the existence and authenticity of a document; the veracity and validity of the contents remain open to dispute. *See Team Enters., LLP v. W. Inv. Real Estate Trust*, 2009 WL 1451635 at *3-4 (E.D. Cal. 2009).

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FIRST AMENDED COMPLAINT—No. C-11-04543 RMW
LJP

3, 2011. The FAC asserts claims for declaratory relief, negligence, quasi-contract, violation of 15 U.S.C. § 1692(e) of the Fair Debt Collection Practices Act ("FDCPA"), violation of 12 U.S.C. § 2605 of the Real Estate Settlement Procedures Act ("RESPA"), violation of Cal. Bus. & Prof. Code § 17200 *et seq.* ("UCL"), accounting, quiet title, breach of contract, and breach of the implied covenant of good faith and fair dealing.

## II. ANALYSIS

### A.   Standing to Enforce Plaintiffs' Debt

Most of plaintiffs' claims turn on the assertion that JPMorgan does not have the authority to enforce plaintiffs' debt obligation. However, plaintiffs have not alleged facts that plausibly support this assertion. Plaintiffs admit they are not claiming JPMorgan was deprived of any interest in the loan simply because the loan was securitized. Opp. at 9. Rather, plaintiffs' theory is that the purported assignment of the loan into the securitized trust is void due to failure to follow the trust agreement and New York trust law. *Id.* at 9-10. Plaintiffs explicitly allege that "their Loan was not assigned, transferred, or granted to the Sponsor, Depositor, the Trustee of the Securitized Trust, or any of the Defendants, as required by the Trust Agreement." Compl. ¶ 20. But if the loan was never properly assigned to another entity, then it remained part of WMB's assets, which JPMorgan acquired through the P&A Agreement. Plaintiffs have not alleged a theory under which their debt obligation ended up in the possession of a third party rather than JPMorgan. Nor do plaintiffs allege that any third party has ever come forward attempting to enforce the debt, making plaintiffs' claim yet more implausible.

Because plaintiffs have not adequately pled that JPMorgan lacks standing to enforce the debt, plaintiffs' claims must be dismissed to the extent they rely on this assertion. Thus, plaintiffs' first, third, fourth, seventh, and eighth causes of action are dismissed in their entirety, and plaintiffs' second cause of action is dismissed in part. Since this is the first time plaintiffs' claims are being dismissed, the court will allow plaintiffs to amend their complaint and attempt to allege facts showing that JPMorgan lacks standing to enforce the debt.

### B. Improper Application of Mortgage Payments

Plaintiffs claim, in the alternative, that JPMorgan failed to follow the terms of the deed of trust specifying the order of priority for applying mortgage payments. Defendant argues that plaintiffs' contract claims contradict their allegation that defendant has no rights with respect to the loan. However, "[a] party may state as many separate claims or defenses as it has, *regardless of consistency*." Fed. R. Civ. P. 8(d)(3) (emphasis added); *see also Taylor v. Pathmark Stores, Inc.*, 177 F.3d 180, 189 (3d Cir. 1999) ("[A] plaintiff may plead in the alternative, and our caselaw finds no difficulty with pairing the two claims in one complaint."); *Marcella v. ARP Films, Inc.*, 778 F.2d 112, 117 (2d Cir. 1985) (finding plaintiff could properly submit his case on both a contract claim and a *quantum meruit* claim). Plaintiffs have sufficiently alleged their alternative theory that a contractual relationship exists between them and JPMorgan as successor in interest to the deed of trust. Plaintiffs also provide the terms of the contract by attaching the deed of trust and allege breach in that JPMorgan did not credit payments in the required order of priority.

Defendant next argues that, under the P&A Agreement, it did not assume any liability for borrower claims against WMB for conduct prior to September 25, 2008. However, plaintiffs allege that they made payments directly to JPMorgan and that it was JPMorgan, not WMB, who failed to properly account for the payment. *E.g.*, FAC ¶¶ 27-28, 118, 135. Thus, the provision in the P&A Agreement is inapplicable.

Finally, defendant argues that plaintiffs fail to allege performance and have breached the deed of trust by failing to make payments on the loan. In order to succeed on a claim for breach of contract, plaintiffs "must be free from substantial default" and hence "must plead and prove performance or tender on [their] part or an excuse for performance." 1 B.E. Witkin, *Summary of California Law*, Contracts, § 848, p. 935 (10th ed. 2005). Plaintiffs do allege that they "substantially performed all of their conditions in the Deed of Trust," FAC ¶ 134, in addition to alleging that they made payments that were not properly credited. At the same time, plaintiffs make references to being "push[ed] . . . into foreclosure" and the "imminent foreclosure" of their home, *id.* ¶¶ 19, 41, which suggests they have not been able to keep up with loan payments. While the allegations of performance are marginal, the court finds it inappropriate to resolve at this stage the factual issue of

whether plaintiffs are in default. Thus, the motion to dismiss plaintiffs' breach of contract claim is denied.

Plaintiffs also assert a breach of the implied covenant of good faith and fair dealing, alleging that defendant's improper application of payments, and the resulting addition of interest and improper fees, rendered it impossible for plaintiffs to carry out their obligations under the contract. To support a claim for breach of the implied covenant, the allegations

> must show that the conduct of the defendant, whether or not it also constitutes a breach of a consensual contract term, demonstrates a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence but rather by a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement.

*Careau & Co. v. Security Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1395 (1990). "If the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated." *Id.* Here, plaintiffs do not allege any facts beyond JPMorgan's failure to properly apply payments, and they allege the same damages on both claims, FAC ¶¶ 138, 149. Thus, plaintiffs' claim for breach of the implied covenant is dismissed as superfluous.

As to the contract-based part of their negligence claim, plaintiffs have failed to allege that they were owed a duty of care. Plaintiffs acknowledge that "[n]ormally lenders and servicers do not owe a borrower a duty of care" but claim that "a bank may be liable in negligence if it fails to discharge its contractual duties with reasonable care." FAC at 12 n.6 (citing *Das v. Bank of Am.*, 186 Cal. App. 4th 727, 741 (2010)). *Das*, however, simply continues a line of cases finding that banks have a duty to act with reasonable care in its transactions with *depositors*. *See Das*, 186 Cal. App. 4th at 741 ("[A] bank can be subject to tort liability to a depositor for misconduct in connection with an account."); *Chazen v. Centennial Bank*, 61 Cal. App. 4th 532, 543 (1998) ("It is well established that a bank has 'a duty to act with reasonable care in its transactions with its depositors....'" (quoting *Bullis v. Security Pac. Nat'l Bank*, 21 Cal.3d 801, 808 (1978))). Plaintiffs

have not cited, nor has the court found, any cases extending a similar duty to the relationship between banks and borrowers. Thus, the remainder of plaintiffs' negligence claim is dismissed.

### B. Violation of the Fair Debt Collection Practices Act

The FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. A debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* § 1692a(6). However, specifically excluded from the definition are collection efforts "to the extent such activity . . . concerns a debt which was not in default at the time it was obtained." *Id.* § 1692a(6)(F)(iii). Plaintiffs fail to allege that JPMorgan acted as a debt collector in attempting to collect payments on plaintiffs' debt obligation. First, plaintiffs have not alleged that JPMorgan regularly collects debts on behalf of third parties or that it is in the business of debt collection. Second, plaintiffs allege they made payments to JPMorgan, suggesting their debt was not in default at the time JPMorgan began collection efforts.

Finally, plaintiffs fundamentally misunderstand the FDCPA in asserting that their claims are "based on the most basic requirement of the FDCPA: that a creditor collecting payment must be a true creditor entitled to collect payment." Opp. at 13. The FDCPA applies to debt collectors, not to creditors, and "the status of debt collector or creditor is mutually exclusive." *Schlegel v. Wells Fargo Bank, N.A.*, 799 F. Supp. 2d 1100, 1103 (N.D. Cal. 2011). Plaintiffs apparently concede that JPMorgan's conduct was akin to that of a creditor, not a debt collector. *Cf. id.* at 1105 (finding FDCPA did not apply because defendant's activity was "more debt servicing than debt collection"). Although plaintiffs seek to challenge JPMorgan's status as a creditor, and defendant's conduct may be wrongful if it in fact lacks standing, plaintiffs have not shown how JPMorgan's conduct could be wrongful *under the FDCPA*. Thus, in addition to the reason discussed in section II.A above, plaintiffs' fourth cause of action must be dismissed for this additional reason.

### C. Violation of the Real Estate Settlement Procedures Act

Defendant argues that plaintiffs fail to allege facts establishing a RESPA violation and additionally fail to allege damages that are causally connected to the violation. RESPA requires the servicer of a federally related mortgage loan to acknowledge receipt of a qualified written request ("QWR") and to take appropriate substantive action within specified periods of time. 12 U.S.C. § 2605(e). Failure to comply results in liability to the borrower for actual damages and "any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance." *Id.* § 2605(f)(1). Plaintiffs allege that they sent a QWR to JPMorgan on October 19, 2010 and that JPMorgan failed to acknowledge receipt or provide a substantive response within the required time periods. FAC ¶¶ 74, 77-78. Plaintiff also alleges that the QWR contained information in conformance with 12 U.S.C. § 2605(e)(1)(B). FAC ¶ 76. Although these allegations do little more than track the statutory language, the court finds them sufficient to support a claim under RESPA. Since plaintiffs allege a complete failure to act on the part of JPMorgan, it is unclear what additional factual detail they could provide, and defendant does not identify any specific deficiencies.

Plaintiffs have also sufficiently alleged that they have suffered actual damages with a causal relationship to the RESPA violation. For example, plaintiffs allege that they have overpaid interest on their loan, FAC ¶ 83, which logically flows from defendant's alleged failure to make appropriate corrections to plaintiffs' account, FAC ¶ 81. Plaintiffs also allege "costs associated with removing the cloud on their property title and setting aside the trustee's sale," FAC ¶ 83, which could plausibly have been avoided if defendant had provided the requested information regarding the identity of the owner of plaintiffs' note. Contrary to defendant's assertion, plaintiffs need not allege a pattern and practice of non-compliance for a RESPA claim to lie. Such a showing is needed only if a plaintiff is seeking to recover statutory damages. *See* 12 U.S.C. § 260(f)(1); *Lal v. Am. Home Mortg. Servicing, Inc.*, 2009 WL 3126450 at *3 (E.D. Cal. 2009) (denying motion to dismiss claim for actual damages while dismissing claim for statutory damages). Because plaintiffs' allegations, if true, would support recovery of at least actual damages, defendant's motion to dismiss the RESPA claim is denied.

**D.      Violation of Cal. Bus. & Prof. Code § 17200**

As discussed above, plaintiffs fail to adequately allege their theory that JPMorgan lacks authority to enforce their debt obligation.  As such, much of plaintiffs' UCL claim fails.  However, as just discussed, plaintiffs have sufficiently alleged a RESPA violation and resulting damages, which can support a claim under the unlawful prong of the UCL.  Thus, defendant's motion to dismiss the UCL claim is denied.

### III.  ORDER

For the foregoing reasons, the court grants in part and denies in part defendant's motion to dismiss.  The first, second, third, fourth, seventh, eighth, and tenth causes of action are dismissed with leave to amend.  The remainder of the motion to dismiss is denied.  Plaintiffs have twenty (20) days from the date of this order to file an amended complaint.

DATED:      January 6, 2012

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge